By the Court.
In an action upon a joint contract, all who are jointly liable must be joined. In this respect the rule of the common law has not been changed by our code. These propositions are not disputed by defendants in error, but they contend that, under section 77 of the code, the judgments below were authorized. • It is provided by that section that “ where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: 1. If the-action be against defendants jointly indebted on contract, he may proceed against the defendants served, unless the court otherwise direct,” etc.
We do not understand that this section was intended to modify the common law practice. The mistake of defendant’s counsel, as well as of the courts below, consists-in placing too much stress on the word “ served,” and not enough on the word “ action,” as contained in this section. The action below was against only two of the four joint contracting parties. The filing of a petition alone does' not amount to “ an action.” The 55th section of the code provides: “ A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and' causing a summons to issue thereon.” It is true, the amended petition charged W. H. Bazell and A. J. Manford. as being jointly indebted with J. B. Bazell and W. A. Simonton, but no summons was issued against the former. While, therefore, it is true that the latter were “ served,” it is not true that “ an action ” was commenced against the former. Hence section 77 did not authorize the judgment against those of the joint contractors who were served with summons. To authorize the judgment .as rendered, summons should not only have been issued against the other-joint contractors, but should also have been returned “ not found.”
Motion granted. J udgments of the co urts below reversed,, and cause remanded to common pleas for further proceedings.